SEE, Justice
(concurring in part and dissenting in part).
I concur that G.C., Jr. (“the father”), relinquished his right to the custody of his son, J.G.C. (“the child”). From August 2000, when the father legitimated the child, until February 2003, when the father first sought sole physical custody of the child — with the exception of a six-month period when the child resided with his mother — the child lived with his maternal grandparents. In August 2002, the father, the mother, and the maternal grandparents negotiated an agreement pursuant to which the father shared joint physical custody with the mother and the maternal grandparents were granted visitation rights. The trial court entered an order incorporating that agreement. The father allowed the child to continue to reside with the maternal grandparents. Even when the father’s joint custodian, the mother, overdosed on heroin in October 2002, the father did not assert his right to physical custody of the child; he continued to allow him to reside with the child’s maternal grandparents. Thus, the father voluntarily allowed the child to come to know the home of his maternal grandparents as his home and to come to know his maternal grandparents as the adults on whom he depended. The evidence, which is more fully elaborated in the main opinion, is sufficient to support the trial court’s finding that the father voluntarily relinquished his right to the physical custody of the child.
I dissent, however, from the main opinion insofar as it affirms the holding of the trial court that the father is unfit. First, I disagree with the main opinion’s assertion that it was necessary for the trial court to reach the issue of the father’s fitness. The main opinion asserts that the father injected the issue of “fitness” into the proceedings when he averred in his motion for custody of the child that “ ‘he is a fit parent in every respect and is fully capable of caring for the minor child.’ ” 924 So.2d at 660. However, the father did not have the burden of proving his fitness in order to be awarded sole custody of the child; he *670 enjoyed the presumption of a natural parent’s right to custody. Ex parte Terry, 494 So.2d 628 (Ala.1986). The burden was on the maternal grandparents to prove that the father was unfit or that he had voluntarily relinquished custody of the child. The maternal grandparents argued only voluntary relinquishment; they did not assert that the father was an unfit parent.
The main opinion says that it was necessary for the trial court to address the issue of the father’s fitness, for the following reason:
“Why does it matter whether the father is declared unfit to have custody at this time since the father has lost this prima facie right to custody of the child by voluntary abandonment? It matters because a finding of fitness at this-time will become the law of the case. Ex parte S.T.S., 806 So.2d 336 (Ala.2001). He would be permitted unjustifiably to wipe his parental slate clean. In the future he will have to show only that he is a fit parent from the time of the most recent custody hearing forward.”
However, I do not suggest that the father be declared a “fit parent.” I suggest only that he should not have been declared an unfit parent because the maternal grandparents did not raise that issue.[10] Therefore, if this Court were to reverse the trial court’s holding of unfitness, we would not need to be concerned that we had “wipe[d] [the] parental slate clean.”
Moreover, the suggestion that, if the father is not declared unfit, “[i]n the future he will have to show only that he is a fit parent from the time of the most recent custody hearing forward,” presents a problem that does not in fact exist. At the time of the hypothesized future petition for a change in custody, the father will have to meet the McLendon standard — that a change in custody would materially promote the child’s best interest and that the benefits of modifying custody would more than offset the inherently disruptive effect of uprooting the child by a change of custody. See Ex parte McLendon, 455 So.2d 863 (Ala.1984). In addition to meeting that burden, however, he will be required to prove that he “is fit,” 455 So.2d at 866, that is, he will have to prove his fitness at that time, not at some time in the past.[11]
I dissent also from the main opinion’s statement without citation to authority that “the father’s voluntary relinquishment of custody is a primary factor indicating unfitness.” 924 So.2d at 660. In Ex parte Terry, this Court established the standard for a trial court to apply in a custody dispute between a parent and a nonparent. Ex parte Terry does not support the proposition that voluntary relinquishment is a factor in the determination of unfitness:
“‘The prima facie right of a natural parent to the custody of his or her child, as against the right of custody in a nonparent, is grounded in the common *671 law concept that the primary parental right of custody is in the best interest and welfare of the child as a matter of law. So strong is this presumption, absent a showing of voluntary forfeiture of that right, that it can be overcome only by a finding, supported by competent evidence, that the parent seeking custody is guilty of such misconduct or neglect to a degree which renders that parent an unfit and improper person to be entrusted tuith the care and upbringing of the child in question.’ ”
Ex parte Terry, 494 So.2d at 632 (quoting Ex parte Mathews, 428 So.2d 58, 59 (Ala.1983)). According to Ex parte Terry, “absent a showing of voluntary forfeiture,” the parental presumption may be overcome only by a sufficient showing of misconduct or neglect rendering the parent unfit. Relinquishment and unfitness are alternative bases for depriving a parent of custody.
Moreover, a finding that a parent is unfit must be based on clear and convincing evidence. Ex parte Terry, 494 So.2d 628. It is far from obvious to me that a parent’s considered judgment that at some point in time it is better for the child to be cared for by a grandparent indicates that the parent is, clearly and convincingly, “ ‘guilty of such misconduct or neglect to a degree which renders that parent an unfit and improper person to be entrusted with the care and upbringing of the child in question.’ ” 494 So.2d at 632.
Finally, for the reasons stated in Justice Lyons’s dissent,, I do not believe that the maternal grandparents have proven the father’s unfitness by clear and convincing evidence. See Ex parte Terry, 494 So.2d 628.[12]
I therefore concur in the main opinion insofar as it holds that the father relinquished his right to the custody of his son; I dissent, however, from the main opinion insofar as, by affirming the judgment of the Court of Civil Appeals, it affirms the trial court’s holding that the father is unfit.

. I do not agree with Justice Smith’s statement that a reversal of the trial court’s determination that the father is unfit would by virtue of the law-of-the-case doctrine foreclose the trial court from considering the father’s fitness in a later custody proceeding. 924 So.2d at 665. As the main opinion and Justice Smith recognize, the law-of-the-case doctrine holds that "whatever is once established between the same parties in the same case continues to be the law of that case....” Blumberg v. Touche Ross & Co., 514 So.2d 922, 924 (Ala.1987). A reversal of the trial court’s finding of unfitness is not the same as a finding of fitness; such a reversal would not establish, as the law of the case, that the father is a fit parent.

. As the main opinion acknowledges, a "parent may, after being found unfit, become a fit parent and at that time seek custody of the child.” 924 So.2d at 660.

. Ex parte Berryhill, 410 So.2d 416, 417 (Ala.1982), upon which Ex parte Terry rests, requires clear and convincing evidence of the unfitness of a parent for the parental presumption to be overcome. See also Chandler v. Whatley, 238 Ala. 206, 209, 189 So. 751, 754 (1939). In Ex parte Terry, we expressly stated that "[t]he standard to be applied in this case is that applied by this Court in Ex parte Berryhill .... ” 494 So.2d at 632.